UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINT SPECTRUM REALTY COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM F. HARTKOPF, JR.,<br><br>Defendant. | Case No. 19-cv-03099-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM**<br><br>Re: Dkt. No. 41 |

Sprint Spectrum Realty Company, LLC ("Sprint") sues William F. Hartkopf, Jr. seeking declaratory judgment and other relief arising out of a lease of real property owned by Mr. Hartkopf.[1] (Dkt. No. 1.)[2] Mr. Hartkopf brings counterclaims against Sprint seeking declaratory judgment and other relief for breach of contract, breach of good faith and fair dealing, and unjust enrichment.[3] (Dkt. No. 27.) Now before the Court is Mr. Hartkopf's motion for leave to file second amended counterclaim. (Dkt. No. 41.) After careful consideration of the parties' briefing, the Court concludes that oral argument is not necessary, and DENIES Mr. Hartkopf's motion because the requested amendment would be futile.

**BACKGROUND**

The Court's November 22, 2019 Order granting Sprint's motion to dismiss Mr. Hartkopf's counterclaim for fraudulent concealment sets forth the background of this case, (*see* Dkt. No. 32 at

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 5 & 15.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[3] By order dated November 22, 2019, the Court granted Sprint's motion to dismiss Mr. Hartkopf's counterclaim for concealment because he failed to plead facts that plausibly support an inference that Sprint concealed the total square footage it occupied on Mr. Hartkopf's property. (Dkt. No. 32.)

2-4), and the Court incorporates that background here. In pertinent part, the parties entered into a "PCS Site Agreement" (the "Agreement") in August 1997, whereby Mr. Hartkopf leased to Sprint certain space on the roof of his property. (Dkt. No. 32 at 2.) Mr. Hartkopf asserts that the Agreement limits the total leased space to 300 square feet, and that he agreed to the terms of the Agreement with that "express understanding." (*Id.*) Sprint has always maintained that the Agreement does not so limit the total leased space. (*See* Dkt. No. 1 at ¶¶ 24-30.) The Agreement's "Description of [Sprint's] Site and Improvements" provides that the total leased space consists of:

> Space on the exterior of the [Property] . . . for at least three [ ] sectors of antennas as depicted in Exhibit A-2; approximately 300 square feet, measuring approximately on the rooftop of the [Property] for Sprint Spectrum's equipment as depicted in Exhibit A-2; space for utility runs connecting Sprint Spectrum's equipment with the nearest available utility services; space for coaxial cables connecting Sprint Spectrum's equipment and the antennas; and, access to the antennas, Sprint Spectrum's equipment, utility runs and coaxial cables.

(Dkt. No. 32 at 2 (quoting Dkt. No. 27, Ex. A at 14).) Beginning in December 2011, Mr. Hartkopf allowed Sprint to make subsequent modifications to the Agreement, with the express understanding between the parties that such modifications would not increase the size of the space originally agreed upon. (*Id.* at 3.)

In April 2019, Mr. Hartkopf measured the space occupied by Sprint's equipment on the roof of his property and discovered that it exceeded 300 square feet. (*Id.* at 4.) Mr. Hartkopf notified Sprint that it was in breach of the Agreement and demanded back rent for the additional space. (*Id.*) Sprint denied that it was in breach of the Agreement and filed the underlying complaint in this action in June 2019, asserting claims for declaratory judgment, breach of contract, breach of good faith and fair dealing, and specific performance. (Dkt. No. 1 at 10-13.)

In August 2019, Mr. Hartkopf filed counterclaims for declaratory judgment, breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment. (Dkt. No. 20 at 4-7.) The following month Mr. Hartkopf filed amended counterclaims that added a claim for "concealment." (*See* Dkt. No. 27 at 8-9.) Sprint moved to dismiss the concealment counterclaim thereafter under Federal Rule of Civil Procedure 12(b)(6), (Dkt. No. 28), and the

Court granted that motion on November 22, 2019, (Dkt. No. 32). Mr. Hartkopf filed the instant motion on January 21, 2020 seeking leave to amend to file a second amended counterclaim adding a claim for "promise without intent to perform." (*See* Dkt. No. 42, Ex. A.) The motion is fully briefed, (*see* Dkt. Nos. 48 & 49).

**DISCUSSION**

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend a pleading before trial "with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." The standard under Rule 15(a) is "very liberal"; however, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (internal quotation marks and citations omitted). As discussed below, Mr. Hartkopf's requested amendment would be futile because he cannot state a claim for promissory fraud.

Mr. Hartkopf seeks leave to add a state law counterclaim for "promise without intent to perform," also known as promissory fraud. (Dkt. No. 41 at 3.) As explained by the California Supreme Court: "'Promissory fraud' is a subspecies of the action for fraud and deceit. A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). "[P]roof that a promise was made and that it was not fulfilled is [not] sufficient to prove fraud." *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30 (1985). Instead, "something more than nonperformance is required to prove the defendant's intent not to perform his promise." *Id.* (internal quotation marks and citations omitted). Here, Mr. Hartkopf asserts that there is "something more" based on:

> Sprint's judicial admissions, contained in its verified complaint as well as in its portion of the Joint Case Management Statement filed by the parties, that it has, at all material times, used more than 300 square feet for the equipment it has installed on Hartkopf's roof. These judicial admissions demonstrate that Sprint, at the time it contracted for its lease of 300 square feet, knew that the total space that would be occupied by its equipment, as opposed to the so-called "base equipment," would exceed 300 square feet.

3

(Dkt. No. 41 at 3; *see also* Dkt. No. 49 at 4 (asserting that Mr. Hartkopf's counterclaim "relies on an overt and unsolicited disclosure on Sprint's part: the disclosure that Sprint has always known, since before its execution of the [Agreement] that its equipment would use more than 300 square feet of space").)

Mr. Hartkopf's identification of the "something more" required for promissory fraud, however, is nothing more than Sprint's admission that it did not perform the contract as Mr. Hartkopf interpreted it; in other words, it is merely an allegation of nonperformance. The Court's Order dismissing Mr. Hartkopf's fraud claim for concealment contains analysis equally applicable here:

> Mr. Hartkopf has failed to plausibly allege that Sprint intentionally concealed the amount of space its equipment occupied for [ ] another reason: Sprint's underlying complaint alleges that the Agreement does not limit the Site to 300 square feet. In other words, and as Sprint asserts, Mr. Hartkopf "ignores Sprint's position in this case that it did disclose to [Mr. Hartkopf]" in the Agreement that the Facility required more than 300 square feet of space. (*See* Dkt. No. 30 at 7 (emphasis added).) To plausibly plead that Sprint intentionally concealed that it was using more space than the parties agreed to, ***Mr. Hartkopf must plausibly plead facts that give rise to an inference that Sprint shared Mr. Hartkopf's interpretation of the Agreement when it allegedly concealed its purported breach from him. Mr. Hartkopf does not allege a single fact to support such an inference. The Agreement itself cannot support that inference because its interpretation is not so clear that the Court can infer that Sprint had to have known that the Agreement means what Mr. Hartkopf presently asserts.***

(Dkt. No. 32 at 9 (emphasis added) (footnote omitted).) Mr. Hartkopf's proposed counterclaim for promissory fraud likewise fails because it is based entirely on *his* interpretation that the Agreement limits the total leased space to 300 square feet. He still does not allege facts that plausibly support an inference that at the time Sprint entered into the Agreement Sprint shared Mr. Hartkopf's interpretation. Without such allegations, Mr. Hartkopf cannot plausibly allege that Sprint never intended to perform under the Agreement. *See Magpali v. Farmers Grp., Inc.*, 48 Cal. App. 4th 471, 481 (1996) ("A promise of future conduct is actionable as fraud only if made without a present intent to perform.").

Simply put, Mr. Hartkopf has alleged nothing more than Sprint's nonperformance. That Sprint admits that it did not interpret the contract in the same manner as Mr. Hartkopf, and thus

4

did not perform under the contract as Mr. Hartkopf interprets it, is not sufficient to state a plausible claim for promissory fraud.  Thus, granting leave to amend would be futile.

## CONCLUSION

For the reasons set forth above, the Court DENIES Mr. Hartkopf's motion for leave to amend because amendment would be futile.  Any future requests for leave to amend the pleadings must comply with the good cause standard of Federal Rule of Civil Procedure 16.

**IT IS SO ORDERED.**

Dated: February 24, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge