1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    SPRINT SPECTRUM REALTY                    Case No. 19-cv-03099-JSC
     COMPANY, LLC,

8                      Plaintiff,              **ORDER RE: SPRINT'S SUMMARY**
                                               **JUDGMENT MOTION**
9           v.
                                               Re: Dkt. Nos. 112, 115
10   WILLIAM F. HARTKOPF, JR.,

11                     Defendant.

12

13          In its Order on the parties' respective motions for summary judgment, the Court held that

14   "equipment" in Exhibit A of the contract (the Site Description) does not include the other three

15   components of Sprint's system: antennas, cable, or utility runs.[1]  (Dkt. No. 109 at 4.)[2]  The Court

16   accordingly granted Sprint summary judgment on Mr. Hartkopf's claims for a declaratory

17   judgment.  (*Id.* at 7.)  However, even though the Court's interpretation of the contract would

18   appear to doom Mr. Hartkopf's breach of contract claims, the Court gave him the opportunity to

19   file a supplemental opposition since Sprint's summary judgment motion appeared to move for

20   summary judgment on the grounds that Mr. Hartkopf did not have any damages.  (*Id.* at 7.)  Now

21   pending before the Court are Mr. Hartkopf's supplemental opposition and Sprint's response.  (Dkt.

22   Nos. 112, 115.)  Upon review of these papers, the Court again concludes that Mr. Hartkopf's

23   contract claims fail as a matter of law.

24          First, the Court did not hold that "equipment" as used in Exhibit A's Site Description is

25

26   _____

27   [1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. §
     636(c).  (Dkt. Nos. 5, 15.)

28   [2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

1   ambiguous.  To the contrary, "equipment" unambiguously refers to equipment other than

2   antennas, coaxial cables, and utility runs for the reasons stated in the summary judgment order.

3   (Dkt. No. 109 at 4-6.)

4        Second, Mr. Hartkopf's attempt to rescind his admission that the only equipment referred

5   to in Exhibit A's Site Description are the four components as discussed in the summary judgment

6   order is unavailing.  He unequivocally admitted at oral argument that the only equipment

7   encompassed in Exhibit A's description—under his own interpretation—are the four components

8   discussed in the Site Description.  (Dkt. No. 111 at 20; Dkt. No. 109 at 3-4.)  Even putting aside

9   his admission, however, he does not identify anything in the parties' agreement that would support

10   an interpretation of "equipment" as used in Exhibit A as including radio frequency setbacks.  In

11   other words, regardless of how Mr. Hartkopf's expert calculates the space used by Sprint's

12   property, the question on summary judgment is what the provision for 300 square feet for

13   "equipment" in Exhibit A means.  It does not mean radio frequency setbacks as a matter of

14   contract interpretation.

15        He also does not offer any analysis that supports the conclusion that the 300 feet of

16   equipment provision includes the support material identified by his expert.  (Dkt. No. 94-1, Ex. M,

17   ¶ 46.)  Nor does he identify any evidence as to what specifically that support material is and how

18   its inclusion breached the contract.  Mr. Hartkopf's expert's opinion as to how much space Sprint

19   used always includes the components (antennas, coaxial cables, utility runs) that as a matter of

20   contract interpretation are not included in the 300 feet of equipment.  (*See, e.g.*, *id.* ¶ 47.)  Thus,

21   there is no genuine dispute as to whether Sprint breached the contract.

22        Accordingly, for the reasons stated in the Court's summary judgment order, (Dkt. No.

23   109), as well as here, Sprint's motion for summary judgment on Mr. Hartkopf's contract claims is

24   GRANTED.

25   //

26   //

27   //

28   //

United States District Court
Northern District of California

1          **IT IS SO ORDERED.**

2     Dated: August 4, 2021

3

4                                                              _____
                                                             JACQUELINE SCOTT CORLEY
5                                                             United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California